IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00798-EWN-KMT

NEIL C. HERMAN,

    Plaintiff,

v.

JAMES LANDER,
BURL McCULLER, and
ALICIA HAMILTON,

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This case involves a claim that Defendants violated Plaintiff's due process rights, Eighth Amendment rights, and the First Amendment rights. This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 15) and "Supplemental Motion to Dismiss Injunctive Claims as Moot" (Doc. No. 24).

## FACTUAL BACKGROUND

*1.  Facts*

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff, at the time he filed his Complaint, was incarcerated at the Fremont County Correctional Facility [hereinafter "FCCF"] for a non-sex

offense conviction in 2003.[1] (Prisoner Complaint at 3 [filed June 7, 2007] [hereinafter "Am. Compl."].) Plaintiff states he was interviewed by mental health staff to determine whether he should be required to participate in sex offender classes due to his sexual assault conviction from 1976 in the state of Washington. (*Id.*) Plaintiff states he completed and discharged the sentence for the sexual assault conviction approximately ten years prior to the 2003 conviction for which he was serving time at FCCF. (*Id.*) Plaintiff avers that his circumstances "warranted an exemption from sex offender treatment," but that he was still required to participate in such treatment and warned that failure to do so would result in sanctions. (*Id.*) Plaintiff asserts that "the nature and requirements of the treatment program violated or conflicted with his religious beliefs . . . and said treatment espoused a form of secular humanism to which he could not ascribe." (*Id.*) Plaintiff alleges he had a liberty interest in refusing sex offender treatment since he had previously participated in treatment in Washington State and since he felt he was being punished again for that offense in Colorado. (*Id.* at 3–4.) Plaintiff states his complaints regarding the sex offender treatment have been rejected or disregarded, and he has been classified as non-compliant and sanctioned. (*Id.* at 4.)

Plaintiff states he has named as defendants James Lander, the director of Sex Offender Treatment & Management Program [hereinafter "SOTP"] at FCCF; Burl McCuller, the director of treatment for the Colorado Department of Corrections [hereinafter "DOC"]; and Alicia

---

[1]Plaintiff has since been released from incarceration. (Supplemental Mot. to Dismiss Injunctive Claims as Moot 2 [hereinafter "Defs.' Supplemental Br."] [filed September 28, 2007]; Notice of Change of Address [hereinafter "Notice"] [filed September 26, 2007].)

Hamilton, an SOTP therapist at the FCCF. (Am. Compl. at 2.) Plaintiff asserts he has named these defendants in Claim One "because they were directly involved in the classification and grievance process, and each was empowered to grant the relief requested." (*Id.* at 4.) Plaintiff also states he named the Department of Corrections as a defendant for Claims Two and Three because "the program it administers violates the First Amendment against freedom of religion. . . ." (*Id.*) Plaintiff further asserts that the treatment program administered by the Department of Corrections violates the Eighth Amendment provision against cruel and unusual punishment. (*Id.* at 5.) Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, seeking injunctive relief and money damages. (*Id.* at 3, 10.)

Defendants have filed motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Mem. and Br. in Supp. of Mot. to Dismiss [hereinafter "Defs.' Br."] [filed August 27, 2007]; Defs.' Supplemental Br.) Defendants assert that: (1) Plaintiff has no right to receive earned time or to refuse rehabilitation; (2) the Complaint fails to state a cognizable Eight Amendment claim; (3) the SOTP is not a punishment and does not implicate the double jeopardy clause; (4) the Complaint fails to state a cognizable First Amendment claim; (5) Defendants are immune from suit; (6) Plaintiff fails to allege a physical injury; (7) Plaintiff cannot seek time credits in a § 1983 action; and (8) Plaintiff's injunctive claims are moot. (Defs.' Br.; Defs.' Supplemental Br.)

*2.      Procedural History*

Plaintiff filed his first Prisoner Complaint on April 19, 2007. (Prisoner Compl. [hereinafter "Compl."].) On May 15, 2007, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an amended complaint either naming the proper DOC officials allegedly responsible for establishing

3

or implementing DOC policy or asserting personal participation by each named defendant. (Order Directing Pl. to File Am. Compl. [hereinafter "Order Am. Compl."]) Plaintiff filed his amended Prisoner Complaint on May 15, 2007. (Am. Compl.) Defendants filed a motion to dismiss on August 27, 2007. (Mot. to Dismiss; Defs.' Br.). Plaintiff requested and was given an extension of time up to and including October 22, 2007, to file his response to the motion to dismiss. (Doc. No. 21.) Plaintiff did not file a response. Defendants then filed a supplemental motion to dismiss on September 28, 2007. (Defs.' Supplemental Br.) Plaintiff did not file a response to the supplemental motion to dismiss. This matter is fully briefed and ripe for review and recommendation.

## STANDARD OF REVIEW

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not

4

"supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

*1.     Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

*2.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). Prior to the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), dismissal of a complaint was appropriate only when it appeared the plaintiff could prove no set of facts in support of the claims that would entitle him to relief. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994). In *Bell Atlantic*, however, the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

### 1. *Injunctive Claims Are Moot*

Defendants have moved to dismiss Plaintiff's injunctive claims as moot because he is no longer incarcerated by the Colorado Department of Corrections. (Defs.' Supplemental Br.) Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot — namely, where the controversy is no longer live and ongoing. *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (superceded by statute on other grounds). A claim will be "deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted). Plaintiff's claims against Defendants pertain to alleged violations of his constitutional rights at FCCF, where Plaintiff is no longer incarcerated. An award of injunctive relief to remedy alleged constitutional violations at the FCCF would have no effect on the Plaintiff. Furthermore, a party cannot maintain an action for declaratory or injunctive relief unless a substantial likelihood of being injured in the future is demonstrated. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Plaintiff is no longer housed at the FCCF. Under these circumstances, an award of injunctive relief would have no effect on Defendants' behavior

towards Plaintiff. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding a prisoner's transfer moots his request for injunctive relief in the facility from which he was transferred); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding a prisoner's transfer to a different jail moots his claim for declaratory and injunctive relief even when prisoner argues that "there is no assurance that he will not be returned to the [first] jail" ); *cf. White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding inmate plaintiff's claims for injunctive relief regarding conditions of confinement were mooted by his release on parole). Thus, to the extent Plaintiff is seeking injunctive relief, the claims are moot and are properly dismissed under Fed. R. Civ. P. 12(b)(1).

### *2.. Personal Participation by Defendants*

Defendants argue that Claims Two and Three should be dismissed because Plaintiff has failed to demonstrate that Defendants had any personal participation in or any conduct which violates Plaintiff's constitutional rights. (Am. Compl. at 12–13, 19.) The court agrees and applies this reasoning to Claim One as well.

To the extent that Plaintiff is suing Defendants in their individual capacities, these claims cannot succeed. Personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985). Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–1263 (10th Cir. 1976). To establish

personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Graham*, 473 U.S. at 166. A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Magistrate Judge Boland ordered the plaintiff to file an amended complaint either naming the proper DOC officials responsible for establishing or implementing DOC policy or asserting personal participation by each named defendant. (Order Am. Compl. at 2–3.) Magistrate Judge Boland further advised Plaintiff that he "may not sue the Colorado Department of Corrections" and that the "State of Colorado and its entities are protected by Eleventh Amendment immunity." (*Id.*) Plaintiff filed his amended Prisoner Complaint on June 7, 2007. Therein, Plaintiff merely removed the Department of Corrections from the caption and added a brief description of each remaining defendant to the section entitled "Nature of Case III." (Am. Compl. at 1, 5.) The remainder of the amended Prisoner Complaint is <u>identical</u> to the original complaint.[2] (Compl.;

---

[2]It appears that Plaintiff did nothing more than replace the first page of the complaint to amend the caption and add language on page five regarding the three individual defendants. In a

Am. Compl.) The three remaining defendants are the same defendants against whom claims were asserted in the first Complaint. (*Id.*) Plaintiff asserts in the text of both complaints that the Department of Corrections, not Defendants Lander, McCuller, and Hamilton, violated his First and Eighth Amendment rights. (*Id.*) Plaintiff is very clear about the fact that he intended only Claim One to apply to Defendants Lander, McCuller, and Hamilton. He states, "Plaintiff has named the defendants Lander, McCuller and Hamilton for Claim One because they were directly involved in the classification and grievance process. . . ." (*Id.* at 4.) Plaintiff goes on to state that he has "named the Department of Corrections as a defendant for Claims Two and Three on grounds that the SOTMP treatment program it administers violates the First Amendment. . . ." The court will analyze all three claims.

  *a.*  ***Claim One***

As an initial matter, I note that it is beyond dispute that "for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal, in part, where "plaintiff failed to allege personal participation of the defendants"); *accord Clayton v. Ward*, 232 F. App'x 827, 830 (10th Cir. 2007). Plaintiff has not pled that Defendants Lander, McCuller, and Hamilton personally caused or participated in the alleged constitutional violations. *See McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983

---

close review of both documents, it is obvious that Plaintiff used a photocopy of his original Complaint as his amended Prisoner Complaint. (Compl.; Am. Compl.)

action unless he "participated or acquiesced" in an alleged constitutional violation). In Claim One, Plaintiff's only allegation is that the defendants violated his due process right by denying a hearing to present a justification for his exemption from the SOTP. Plaintiff fails to allege anywhere in the amended Complaint any specific facts that demonstrate how Defendants personally participated in this asserted right to due process. The only statement Plaintiff makes about Defendant Hamilton anywhere in the amended Complaint is that she "conducted the 'pre-group screening' that forms the basis of this action." (Am. Compl. at 5.) Plaintiff fails to allege that Defendant Hamilton was involved at all in his requests for an opportunity to present evidence and testimony at a hearing to determine whether he could be exempted from the SOTP. (*Id.* at 6.) Plaintiff does not make any statement or allegations that Defendant Hamilton had any involvement in forcing Plaintiff to participate in the SOTP.

Similarly, the only statements Plaintiff makes about Defendants Lander and McCuller is that they responded to and denied grievances. (*Id.*) Furthermore, Defendants Lander and Hamilton cannot be held liable under § 1983 for an alleged constitutional violation for which they were not directly responsible. *See Downing v. Clinton*, No. CV–05–177–CI, 2006 WL 3054314, * 15 (E.D. Wash. Oct. 26, 2006) (in granting motion to dismiss, held that defendant's receipt of grievances did not establish her personal participation in decisions relating to medical care); *Johnson v. G.E.O./Lawton Correctional Facility*, No. Civ–04–140700C, 2005 WL 2739212 (W.D. Okla. Oct. 24, 2005) (holding that plaintiff failed to state a claim for relief based upon a defendant's participation in the processing of a grievance ).

11

These general, descriptive statements about all three defendants were the only additions/changes to Plaintiff's original Complaint. (Compl. at 6; Am. Compl. at 5.) The statements are simply not sufficient to show an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler*, 992 F.2d at 1055. For these reasons, Plaintiff's Claim One is properly dismissed against Defendants in their individual capacities.

### b. *Claims Two and Three*

Plaintiff's allegations regarding Claims Two and Three are asserted only against the Department of Corrections, which is no longer a party to the lawsuit. Plaintiff has not pled that Defendants Lander, McCuller, and Hamilton personally caused or participated in the alleged constitutional violations. *See McKee*, 703 F.2d at 483. Furthermore, Plaintiff has not alleged that Defendants were responsible for the policies administered by the Department of Corrections. As Plaintiff has failed to establish an affirmative link between the alleged constitutional violations and Defendants' participation, Defendants' motion for dismissal of Claims Two and Three is properly granted based on lack of personal participation by Defendants.

### 3. *Qualified Immunity*

To the extent that Plaintiff is suing Defendants in their official capacities, Defendants claim they are immune. The court agrees. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). It cannot

be disputed that Defendants are state officials. Accordingly, Plaintiff's official capacity claims for damages should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss" (Doc. No. 15) and "Supplemental Motion to Dismiss Injunctive Claims as Moot" (Doc. No. 24) be GRANTED and that this case be dismissed with prejudice.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge